The petition alleged adultery and other matters as ground for the relief desired. These allegations were denied, specifically and distinctly, by the answer.
At Fall Term, 1864, after the answer had been filed and replication thereto taken by the petitioner, upon motion of the latter, the court allowed her alimony pendente lite, and from that decree the defendant appealed.
Sec. 15, ch. 39, of the Rev. Code, authorizes the Superior Courts to decree alimony at any time "pending the suit."; for the meaning of which phrase we may refer to Simmons v. Simmons, post, 63. In the present case his Honor made the decree at the return term, after the coming in of the answer; and, in considering the appeal that has been taken, this court is allowed by the express words of the section above cited, to "re-examine only the sufficiency of the (47) petition to entitle the petitioner to relief." That petition, among other things, alleges that the defendant is guilty of adultery. If this be true, it is sufficient to entitle the petitioner to relief.
The alimony in question was allowed in 1864, and its amount may be excessive now, but it will be within the power of the court below to revise that allowance, and adjust it to present circumstance.
The interlocutory order must be
PER CURIAM. Affirmed.
Cited: Morris v. Morris, 89 N.C. 113; Pettigrew v. McCoin, 165 N.C. 475. *Page 44